1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    UNITED STATES OF AMERICA,              No. CR 05-00595 WHA
                                            No. CR 10-00207 WHA
11              Plaintiff,

12       v.

13    SADELL CONRAD,                         **ORDER DENYING DEFENDANT'S**
                                            **MOTION FOR RECONSIDERATION**
14              Defendant.                   **OF ORDER DENYING MOTION FOR**
                                            **REDUCTION OF SENTENCE**
15    ————————————————————/

16          Defendant Sadell Conrad moves, *pro se*, for reconsideration of the order denying his

17    motion for a reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2).  Defendant has not been

18    granted leave, however, to file such motion.  Pursuant to Civil Local Rule 7-9, which applies to

19    this matter pursuant to Criminal Local Rule 2-1, no party may notice a motion for reconsideration

20    without first obtaining leave of Court to file the motion.  Even if this order were to construe the

21    motion as a motion for leave to file a motion for reconsideration, it does not present a material

22    difference in fact or law from that which was presented previously, the emergence of new

23    material facts or a change of law since that time, or a manifest failure by the Court to consider

24    material facts or dispositive legal arguments.

25          Defendant invokes an amendment to the sentencing guidelines that affects the

26    implementation of the Fair Sentencing Act of 2010, which amendment goes into effect on

27    November 1, 2011.  The amendment does not make the statutory changes in the Fair Sentencing

28    Act retroactive.  Moreover, until November 1, courts are bound to apply Section 1B1.10 as set

forth in the 2010 guidelines.  Defendant also argues that his plea agreement did not waive his

**United States District Court**
For the Northern District of California

right to bring a motion for a reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2), citing

*United States v. Lightfoot*, 626 F.3d 1092 (9th Cir. 2010).  That decision considered whether a

defendant had waived such right via a plea agreement that specifically did not mention Section

3582(c)(2).  *Id.* at 1095.  Again, here defendant's plea agreement stated: "I agree to waive any

right I might have to file any collateral attack on my conviction or sentence, including a . . .

motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim

that my constitutional right to the effective assistance of counsel was violated."

Therefore, defendant's motion for reconsideration is **DENIED**.


**IT IS SO ORDERED.**


Dated:  August 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California